**HALL & EVANS, LLC**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
TANYA M. FRASER, ESQ.
Nevada Bar No. 13872
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendant Wal-Mart, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KATHI WILLIAMS,<br><br>            Plaintiff,<br><br>v.<br><br>WAL-MART, INC., a Delaware Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>            Defendants. | CASE NO.:   2:24-cv-00062-APG-BNW<br><br><br>**STIPULATED PROTECTIVE ORDER** |

        The parties to this action, Plaintiff KATHI WILLIAMS and Defendant WALMART,

INC. ("Walmart"), by and through their respective counsel, hereby stipulate and request that the

Court enter a stipulated protective order pursuant as follows:

        1. The Protective Order shall be entered pursuant to ***the Federal Rules of Civil***

        ***Procedure***.

        2. The Protective Order shall govern all materials deemed to be "Confidential

Information." Such Confidential Information may include the following, subject to proper

designation as provided herein and objection:

        a) Documents referring or related to confidential and proprietary human resources or

                business information; financial records of the parties; compensation of

                Defendant's current or former personnel; policies, procedures, and/or training

1                                            KRB/20147-104

materials of Defendant and/or Defendant's organizational structure;

b) Documents from the personnel, medical, or workers' compensation file of any current or former employee or contractor;

c) Documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

d) Portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits;

e) Copies of Plaintiff's medical records, including but not limited to, records regarding mental health, physical conditions, and social security disability.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by (1) identifying said documents as confidential in either parties' FRCP 26 disclosures; (2) placing the following legend on the face of the document and each page so designated "CONFIDENTIAL"; or (3) otherwise expressly identified as confidential via written correspondence. Defendant Walmart will use its best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.

5. Qualified recipients shall include only the following:

a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

b) Deposition notaries, court reporters, and their respective staff;

c) Persons other than legal counsel who have been retained or specially employed by a party as a consultant and/or expert witness for purposes of this lawsuit or to perform investigative work or fact research, as well as their employees/assistants;

d) Deponents during the course of their depositions or potential witnesses of this case;

e) Mediators and other neutrals who are hired by the parties to assist with this

KRB/20147-104

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

matter, including their staff;

   f)  The Court, Court personnel, the jury, and persons present during the trial and hearings in this matter;

   g)  Outside professional electronic discovery services and copying services if used for purposes of this case only;

   h)  The parties to this litigation, their officers and professional employees; and

   i)  Any other person on such terms and conditions as the parties may mutually agree, or as the Court may hereafter direct by further order.

6.  Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information" as required herein, as defined by the terms of the Protective Order. Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.

7.  Before showing or divulging any Confidential Information to any deponent or retained expert, counsel shall first obtain from each such person a signed "Written Assurance" in the form attached hereto as **Exhibit A**.

8.  If any party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing before trial that the information should not be so deemed, unless good cause or excusable neglect exists thereafter.

9.  The parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If an agreement is unable to be reached, counsel for the objecting party and counsel for the designating party shall formally meet and confer in person or telephonically. Following this conference, if the parties are still unable to resolve their dispute, then the designating party will then have fourteen (14) calendar days after the conference to file a motion to preserve the confidentiality designation. The burden of proof to demonstrate confidential treatment of any information at all times remains with the designating party. The parties shall treat the documents as subject to this Stipulation and Order unless the designating party has failed to file a motion within the time allowed or the Court has denied the motion.  Pending a

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

      KRB/20147-104

1   resolution of the motion by the Court, any and all existing designations on the documents at issue

2   in such motion shall remain in place.

3       10. Any party that inadvertently discloses or produces in this action a document or

4   information that it considers privileged or otherwise protected from discovery, in whole or in

5   part, shall not be deemed to have waived any applicable privilege or protection by reason of such

6   disclosure or production if, within 14 days of discovering that such document or information has

7   been disclosed or produced, the producing party gives written notice to the receiving party

8   identifying the document or information in question, the asserted privileges or protection, and the

9   grounds there for, with a request that all copies of the document or information be returned or

10  destroyed. The receiving party shall return or destroy the inadvertently disclosed documents,

11  upon receipt of appropriately marked replacement documents.

12      11. The termination of this action shall not relieve the parties and persons obligated

13  hereunder from their responsibility to maintain the confidentiality of information designated

14  Confidential pursuant to this Order.

15      12. The terms of this Stipulated Protective Order shall continue to apply to Confidential

16  Information after termination of this action.

17      13. Nothing in this Order shall be construed as an admission to the relevance,

18  authenticity, foundation or admissibility of any document, material, transcript or other

19  information.

20      14. Nothing in the Protective Order shall be deemed to preclude any party from seeking

21  and obtaining, on an appropriate showing, a modification of this Order.

22  . . .

23  . . .

24  . . .

25  . . .

26  . . .

27  . . .

28  . . .

**HALL & EVANS, LLC**
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

4                           KRB/20147-104

15. This Protective Order shall not preclude or limit the parties from using or admitting into evidence at the trial or hearing of this matter any of the Confidential Information that is subject to this Order, subject to any other orders by the Court.

DATED this 25th day of June, 2024.

Dated this 2nd day of July, 2024.

**GOLIGHTLY & VANNAH, PLLC**

*/s/ John B. Greene*
John B. Greene, Esq.
Nevada Bar No. 4279
Robert D. Vannah, Esq.
Nevada Bar No. 2503
**GOLIGHTLY & VANNAH, PLLC**
400 S. 7th Street, 4th Floor
Las Vegas, NV 89101
*Attorneys for Plaintiff*

**HALL & EVANS, LLC**

*/s/ Kurt R. Bonds*
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
TANYA M. FRASER, ESQ.
Nevada Bar No. 13872
1160 North Town Center Drive
Suite 330
Las Vegas, NV 89144

*Attorneys for Defendant*

**ORDER**

**IT IS SO ORDERED.**

DATED this ___3___ day of July  2024.

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

HALL & EVANS, LLC

*/s/ Kurt R. Bonds*
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
TANYA M. FRASER, ESQ.
Nevada Bar No. 13872
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendant Walmart, Inc.*

**HALL & EVANS, LLC**
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

KRB/20147-104

1

**Exhibit "A"**

2

**LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR**

3

**ACCESS TO CONFIDENTIAL MATERIAL**

4      I hereby acknowledge and affirm that I have read the terms and conditions of the

5   Stipulated Protective Order dated _____ and agreed to by the parties ("Protective

6   Order") in the action titled **KATHI WILLIAMS,  Plaintiff v. WALMART, INC., Defendant,**

7   **Case No 2:24-cv-00062-APG-BNW, United States District Court for the District of Nevada**.

8   I understand the terms of the Protective Order and under oath consent to be bound by such terms

9   as a condition to being provided access to the Confidential Information furnished by the parties

10   in this action. Further, by executing this Agreement, I hereby consent to the jurisdiction of the

11   above-captioned Court or any Court of competent jurisdiction for the special and limited purpose

12   of enforcing the terms of the Protective Order.

13   …

14   …

15   …

16   …

17   …

18   …

19   …

20   …

21   …

22   …

23   …

24   . . .

25   . . .

26   . . .

27    . . .

28   . . .

**HALL & EVANS, LLC**
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

6                                        KRB/20147-104

1        I recognize that all civil remedies for breach of this Agreement are specifically reserved

2    by the producing parties in this action and are not waived by the disclosure provided for herein.

3        Furthermore in the event of the breach of this Agreement, I recognize that the producing

4

5    parties may pursue all civil remedies available to them as third-party beneficiaries of this

6    Agreement.

7

8    DATED:_____

9    _____

10    Name

11    _____

12    Firm

13    _____

14    Address

15    _____

      Telephone Number

16    SUBSCRIBED AND SWORN TO BEFORE
      ME THIS ____ day of _____, _____.

17

18    _____

19    Notary Public, State of
      My Commission Expires:

20

21

22

23

24

25

26

27

28

**HALL & EVANS, LLC**
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

7              KRB/20147-104